Haynes, J.
In this case a petition is filed to reverse the judgment of the court below in an action wherein Carr was plaintiff' and the Traction Company was defendant. Upon the trial of the issues in the case, it appears by the testimony mainly of the plaintiff himself, and supported in part by the testimony of another witness who was present, that in February, 1896, the plaintiff took passage upon one of the street: cars of the defendant company, on Adams street, near Thirteenth street. The car upon which he took passage was some *282 what crowded, and he remained standing upon the rear plat- - form of the car; that he paid his fare to the conductor, and •at the same time notified the conductor that he wished to ■ transfer for Lower Town — Manhattan; that the conductor handed him a transfer, which he did not examine, there being but little light upon the rear of the car; he inquired, • however, of the conductor where he should change cars, • and was informed that the change would be made on Summit street. He then proceeded to Summit street, and alighting from that car, entered upon another car going northward towards North Toledo or Manhattan. After he had ■ boarded that car, the conductor of it came to him and asked him for his fare, and he tendered him the paper which had been given to him — the transfer — by the conductor of the Adams street car, and the conductor said to him that that was not a good transfer — being a transfer for Dorr street — ■ ■ and declined to receive it. Thereupon the plaintiff paid to the conductor the fare, five cents, upon that car, and at the same time asked him if that was the car for Manhattan, and the conductor replied that it was, He proceeded upon that car until he got down near Galena street, at Riverside -Park, and there the car stopped and the passengers commenced to alight, and he was informed that they transferred ■over to another car which came down upon Erie street and upon which they would proceed from that point to the vil- ’ lage of Manhattan. Thereupon he asked the conductor that he give him a transfer upon that car, and the conduct- or replied that if he had wanted a transfer from that car he . should have asked for it when he paid his fare, and that •under the rules of the company he could not give it to him at that point. Thereupon plaintiff alighted and proceeded to board the other car, and when the conductor upon that car came to him for his fare, he told him the circumstances of the case, and requested that he be carried to North Tole- ■ do. The conductor told him that he could not do that; that it was not in accordance with the rules of the company, perhaps, or at any rate declined to do it, and demanded of ' the plaintiff his fare, and the plaintiff paid another fare of ■ five cents and arrived at the conclusion of his journey.
At the close of the testimony for the plaintiff, the court - charged the jury as follows:
*283 “In view of the law of this case, under the undisputed •evidence in the case, as I understand the law and the evidence, I feel that it is my duty to instruct you to bring in a verdict for the plaintiff in this action in the sum of ten eents, with interest thereon from the 4th day of February, 1898, to the first day of this term of court, which was January 3, 1899. That is the extent of the damage which 4he plaintiff is entitled to recover in this action.”
The court then instructed the jury to appoint a foreman, etc. And thereupon, to the giving of the above charge -and instructions, the plaintiff, by his counsel, then and there .duly excepted.
Plaintiff also submitted to the court, I think, three separate requests; the substance of which was that, under the •circumstances of the case and the evidence, the court should instruct the jury that the plaintiff was entitled to punitive -damages and to a counsel fee as a part of his damages. These the court refused to give, and exceptions were duly 4aken.
The question submitted here upon the briefs of counsel is, whether or not the court erred in its instructions to the ■jury, the claim being made on behalf of the plaintiff, that this is a case in which the plaintiff is entitled to punitive •damages, and at least entitled to compensatory damages and to an attorney fee.
The particular cases cited in Ohio are: 10 Ohio St., 277; 31 Ohio St., 539; 37 Ohio S., 10; 41 Ohio St., 101.
The syllabus in the case of Roberts v. Mason, 10 Ohio St., 277, is as follows:
“In an action to recover damages for a tort which involves the ingredient of fraud, malice or insult, a jury may go beyond the rule of mere compensation to the party aggrieved, and award exemplary or punitive damages; and his they may do although the defendant may have been punished criminally for the same wrong.
“In such a case the jury may, in their estimation of compensatory damages, take into consideration and include reasonable fees of counsel employed by the plaintiff in their prosecution of his action.”
We have read the discussion of this case by the court, and in the other cases, and we believe that the syllabus in *284 this case states substantially the conclusion of the court in. the other cases. There has been some variety of statement, in the discussion of the question, but the result of the decisions in the various cases is, we think, that the law is substantially as stated in the syllabi here, and we understand the rule of law to be that in an action to recover damages-for a tort, which involves the ingredients of fraud, malic,e or insult, the jury may give punitive damages; and in such a case the jury may in their estimation of compensatory damages take into consideration and include reasonable fees of counsel'employed by the plaintiff; but this right depend© upon the fact that it is such an action as is stated in that case, As a general rule, we believe, in ordinary actions for-tort and negligence, no damages in the nature of punitive damages or attorney’s fees are allowed. We see this in a large class of actions which are brought for negligence of various kinds. We have read this testimony over carefully,,, and we see nothing in the testimony that shows any malice on the part of these agents of defendant, or show that if was a case of insult, or that there was anything except that the parties undertook to perform their duties in the ordinary and usual course of business. We think the court was right, therefore, in charging as it did, that the only damage.©which the party was entitled to recover, was the amount of money he had paid over and above the-first compensation which he had paid upon entering the car upon Adams street. It is not denied on the part of defendant company but that it is liable for excess of fares — indeed they had tendered the amount prior to the trial. The verdict of the jury being for eleven cents, the judgment of the court of common pleas will be affirmed.
Cummings & Lott, for Plaintiff in Error.
Smith & Baker, for Defendant in Error.